UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ZIEROLF, | No. C-12-3461 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| WACHOVIA MORTGAGE, *et al.*, | **(Docket No. 4)** |
| Defendants. | |
| _____/ | |

Plaintiff James Zierolf filed this action against Wachovia Mortgage, *et. al.*, on April 26, 2012, in the Superior Court of the State of California, County of Contra Costa. *See* Docket No. 1. Defendants subsequently removed to federal court pursuant to 28 U.S.C. § 1332, and moved to dismiss this action on July 9, 2012. *See* Docket No. 4. Plaintiff did not file an opposition to this motion within the time required under this Court's Civil Local Rules, but did participate in this Court's September 7, 2012, hearing on the motion. For the reasons stated on the record, Defendants' Motion to Dismiss is **GRANTED**.

As stated more fully on the record, the Court finds that Plaintiff's claims regarding the origination of his home loan are either preempted by the Home Owners' Loan Act, 12 U.S.C. §§ 1461, *et. seq.*, and its implementing regulations, or barred from being relitigated here under the doctrine of *res judicata*. Defendants aver that Plaintiff was a class member of *In Re: Wachovia Corp*, in which his loan origination claims regarding Defendant World Savings Bank's "Pick-A-Payment" loans were settled. *See In Re: Wachovia Corp*, MD-09-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011), Order Granting Final Approval of Class Action Settlement (Docket No.

207). Plaintiff has produced no evidence to show that he was not a member of the class, nor that his claims somehow survived the settlement of that matter. As such, his claims regarding the origination of his home loan are **DISMISSED** with prejudice.

Plaintiff's remaining post-origination claims are likewise defective. As stated more fully on the record, this Court finds that Plaintiff has failed to state his fraud claims with the specificity required under Fed. R. Civ. P. 9(b), he has failed to allege that he suffered damages as a result of Defendants' alleged promises to process his application for a home loan modification, and has failed to allege causation linking Defendants' alleged wrongdoing to any damages suffered. Plaintiff conceded at the hearing that his complaint must also allege tender or the ability to tender to be cognizable under Fed. R. Civ. P. 12(b)(6). As such, Plaintiff's post-origination claims are **DISMISSED** without prejudice. Plaintiff will have 30 days from the date of this order to file an amended complaint.

This order disposes of Docket No. 4.

IT IS SO ORDERED.

Dated: September 11, 2012

EDWARD M. CHEN
United States District Judge