UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ZIEROLF,<br><br>        Plaintiff,<br><br>        v.<br><br>WACHOVIA MORTGAGE, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-12-3461 EMC<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO DISMISS**<br><br>**(Docket No. 21)** |

## I.  INTRODUCTION

Plaintiff James Zierolf filed the instant action against Defendants Wachovia Mortgage, *et. al.*, claiming that Defendants fraudulently induced him into refinancing his home in 2007 under loan terms greatly exceeding his ability to pay. After receiving assurances that Defendants would take certain actions to modify the terms of the loan to make it more affordable, Defendants allegedly failed to act and Plaintiff now stands in jeopardy of foreclosure. Plaintiff seeks damages resulting from Defendants' alleged predatory lending and an injunction to halt a planned Trustee's sale of the subject property. Defendant Wells Fargo Bank, a successor in interest to Wachovia Mortgage, has filed a motion to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), arguing that Plaintiff's amended complaint fails to plead allegations of fraud with the required particularity, and that Plaintiff otherwise fails to state a viable claim against Defendants. For the reasons stated below, Defendants' motion to dismiss is **GRANTED** with prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

Mr. Zierolf filed this action against Wachovia Mortgage, *et. al.*, on April 26, 2012, in the Superior Court of the State of California, County of Contra Costa. *See* Not. of Removal (Docket No. 1). Defendant Wells Fargo subsequently removed to federal court pursuant to 28 U.S.C. § 1332, and moved to dismiss this action on July 9, 2012. *See* Mot. to Dismiss (Docket No. 4). Plaintiff did not file an opposition to the motion to dismiss within the time required under this Court's Civil Local Rules, but did participate in the Court's September 7, 2012, hearing on the motion. The Court granted Defendant's motion to dismiss, but also granted Plaintiff leave to file an amended complaint within thirty days. Order Granting Mot. to Dismiss (Docket No. 17). Mr. Zierolf filed a First Amended Complaint on October 4, 2012, *see* Docket No. 18, to which Defendant Wells Fargo filed a second motion to dismiss, *see* Docket No. 21.

Three days later, Plaintiff filed a motion for leave to file a Second Amended Complaint, and appended to his motion a copy of the proposed amended complaint, *see* Docket No. 23, to which Wells Fargo filed a Statement of Non-Opposition, *see* Docket No. 27. The Court reviewed the proposed Second Amended Complaint, and found that it did not materially differ from Plaintiff's First Amended Complaint. The Court granted Plaintiff's request for leave to file a Second Amended Complaint, and deemed Wells Fargo's pending motion to dismiss to apply to the Second Amended Complaint. *See* Docket No. 28. The Court gave Mr. Zierolf until November 30, 2012, to file an opposition to Wells Fargo's motion to dismiss, *see* Docket No. 28, but Plaintiff failed to file any such opposition.

The facts alleged by Mr. Zierolf in the Second Amended Complaint are as follows. Plaintiff borrowed approximately $375,000 from World Savings Bank, FSB., in February 2007, secured by a Deed of Trust against real property located in Concord, California. Second Amended Complaint ("SAC") (Docket No. 23) ¶ 2.[1] Wells Fargo acquired Plaintiff's loan from Wachovia Mortgage,

---

[1] The Court takes judicial notice of the Deed of Trust, Notice of Default, and Notice of Trustee Sale provided by Defendant in its Request for Judicial Notice (Docket No. 22). Each of these documents is a matter of public record, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, namely, the official records of the Contra Costa County Recorder's Office. Judicial notice can therefore properly be taken of these documents. *See Castillo-Villagra v. I.N.S.*, 972 F.2d 1017, 1026 (9th Cir.

which had at some earlier point acquired it from World Savings Bank. *Id*. ¶ 2. Plaintiff subsequently defaulted on his loan. *See id.* ¶ 4 ("The current mortgage balance allegedly owed to Defendant Bank is $420,265.10 (*not* including all arrears in interest and late fees which have accumulated to date).") (emphasis in original).[2] Plaintiff alleges that the loan "was obtained under circumstances and conditions that Plaintiff later discovered were essentially and fundamentally predatory and fraudulent," and that "[h]ad Defendant Bank not concealed the fact that the fully amortized interest payments . . . were far in excess of Plaintiff's ability to afford at his actual income level, Plaintiff would never have re-financed this real property with Defendant Bank." *Id*. ¶¶ 4, 7 (emphasis omitted). Plaintiff alleges that he obtained a 'sub-prime' loan despite his high credit scores and representations from Defendants that he would receive a 'prime' loan. *Id.* ¶¶ 5, 17. Plaintiff also alleges that World Savings Bank "did not conduct the necessary due diligence to ensure that the Plaintiff could afford the mortgage loan over the full duration of the loan," and crafted "final loan terms [that] were egregious and predatory." *Id*. ¶ 6.

Beginning in 2009, "Plaintiff applied for a loan modification due to financial hardship and inability to afford the predatory loan," and allegedly received "clear and unambiguous promises" from at least some Defendants that they would "work on modifying his loan." SAC ¶¶ 9, 32. Mr. Zierolf claims that he received "false promises" on more than one occasion that Defendant Wells Fargo would "extend reasonable opportunities to Plaintiff to properly process and grant loan modifications." *Id.* ¶ 23. In particular, he states that a Wells Fargo loan modification manager named "Mr. Martinez" told him that Well Fargo had "every intent to save his home." *Id.* ¶ 23 (internal quotation marks omitted). Despite this and other assurances, Mr. Zierolf claims that "Defendant Bank failed to approve or deny the request for loan modification" and "misled many of

---

1992) ("In federal courts, notice may be taken of facts relating to the particular case, though no evidence is introduced, where the fact is 'not subject to reasonable dispute,' either because it is 'generally known within the territorial jurisdiction,' or is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

[2] *See also* Notice of Default and Election to Sell (Docket No. 22, Ex. H), indicating that Plaintiff has been in default on his loan since June 1, 2011.

its borrowers, including Plaintiff," about their eligibility for relief under various loan modification programs. *Id*. ¶¶ 10, 12.

Plaintiff's SAC advances three causes of action. The first cause of action is for fraud and negligent misrepresentation. *See* SAC ¶¶ 15-21. In this cause of action, Plaintiff alleges that Defendants failed to disclose the true nature of his loan. He claims that he "reasonably relied on Defendant Bank and its agents to give him a fair and legal loan," but instead "received a loan that he could not afford or pay off no matter how hard he tried." *Id*. ¶ 19. "Had Defendant Bank not subjected Plaintiff to a fraudulent and predatory loan, with financially coercive provisions," Plaintiff claims he "would have been able to take action to save his home, or never would have obtained this predatory loan . . . in the first place." *Id*. ¶ 20.

Plaintiff's second cause of action is styled as a negligence claim based on Defendant's "Failure to Properly Evaluate and Process [the] Loan Modification." SAC at 5. Mr. Zierolf claims to have "diligently assembled and submitted, many times, over and over again during a period of over two (2) years, all the documents requested by Defendant Bank to perform and properly process Plaintiff's loan modification request," but states that "Defendant Bank . . . has still failed to approve or deny Plaintiff's loan modification." *Id*. ¶¶ 24-25 (emphasis omitted). Plaintiff claims to have "detrimentally relied on Defendant Bank's representations," and states that "[d]ue to Defendant's fraud, negligence, predatory lending practices, and misrepresentations, Plaintiff will lose his real property soon." *Id*. ¶¶ 27, 29. He seeks as a remedy an injunction to prevent the sale of his home at a foreclosure auction. *Id*. ¶ 30.

Finally, Mr. Zierolf's SAC advances a third cause of action for promissory estoppel. He claims that Wells Fargo "made, on several occasions, clear and unambiguous promises to Plaintiff to work on modifying his loan." SAC ¶ 32. Plaintiff states that he relied on these promises and "did not take other action to prevent his home loan from going into default," but his amended complaint does not state what actions he opted to forego in reliance on these alleged promises. *Id*. ¶ 33. He further states that his "not taking other measures to prevent foreclosure" in "reliance on Defendant Bank's promises to properly process a modification of his loan" was both "reasonable and foreseeable." *Id*. ¶ 34.

4

## III. DISCUSSION

A. Legal Standard – Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At issue in a 12(b)(6) analysis is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims" advanced in his or her complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cousins,* 568 F.3d at 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

In ruling on a motion to dismiss, a court may look to documents whose contents are specifically alleged as part of a complaint, even though the plaintiff did not append them to the complaint. Although generally "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," "material which is properly submitted as part of the complaint may be considered" on such a motion. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 Fn. 19 (9th Cir.1990). A "document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell*, 14

F.3d 449, 453 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citing *Townsend v. Columbia Operations,* 667 F.2d 844, 848-49 (9th Cir.1982)). "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Id.* at 454.

Further, for a complaint alleging fraud, Rule 12(b)(6) is not the only governing legal standard. Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for parties "alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Rule "demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009)). "Any averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Id.*

B.  Failure to Disclose the True Nature of the Loan

Plaintiff's first cause of action concerning the origination of his home loan has already been dismissed by this Court with prejudice. *See* Order Granting Mot. to Dismiss (Docket No. 17). In its order dismissing Mr. Zierolf's original complaint, the Court held that Plaintiff's claims regarding the origination of his home loan were either preempted by the Home Owners' Loan Act, 12 U.S.C. §§ 1461, *et. seq.*, and its implementing regulations, or barred from being re-litigated under the doctrine of *res judicata*. Defendant's first motion to dismiss averred that Plaintiff was a class member of *In Re: Wachovia Corp*, in which his loan origination claims regarding Defendant World Savings Bank's "Pick-A-Payment" loans were settled. *See In Re: Wachovia Corp*, MD-09-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011), Order Granting Final Approval of Class Action Settlement (Docket No. 207). Plaintiff has produced no evidence to show that he was not a member of the class, nor that his claims somehow survived the settlement of that matter. As such, the Court granted Defendant's motion to dismiss Plaintiff's origination claims with prejudice.

6

This Court's prior ruling on Plaintiff's origination claims constitutes 'law of the case,' and "[u]nder the doctrine of law of the case, a court is generally precluded from reconsidering an issue that has already been decided by the same court . . ." *Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998). The doctrine of law of the case "is not an inexorable command." *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993). Plaintiff has made no argument that any of these exceptions to the doctrine apply, nor has he articulated any other reason why this Court ought to depart from its earlier ruling. Plaintiff's Second Amended Complaint merely re-pleads a claim that has been previously dismissed with prejudice. This he cannot do. Therefore, Defendant's motion to dismiss the first cause of action is **GRANTED**.

C.    <u>Failure to Properly Evaluate and Process the Loan Modification Request</u>

Plaintiff's second cause of action concerning Wells Fargo's alleged misrepresentations and bad faith in processing his request for a loan modification is also fundamentally flawed. "To prevail on a negligent misrepresentation claim, a plaintiff must provide evidence of the following: 1) a representation as to a material fact; 2) that the representation is untrue; 3) that the defendant made the representation without a reasonable ground for believing it true; 4) an intent to induce reliance; 5) justifiable reliance by the plaintiff who does not know that the representation is false; and, 6) damage." *In re Daisy Sys. Corp.*, 97 F.3d 1171, 1180 (9th Cir. 1996) (citing *Masters v. San Bernardino County Employees Retirement Ass'n*, 32 Cal. App. 4th 30, 40 Fn. 6 (1995)). "Liability for negligent misrepresentation may attach only where plaintiff establishes that defendant[] breached a duty owed to him." *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1523 (N.D. Cal. 1990). Nowhere in the second cause of action does Plaintiff allege, let alone establish, that Defendant owed him a duty to process his request for a loan modification. Indeed, it is unlikely that such a duty exists. *See Escobedo v. Countrywide Home Loans, Inc.*, 09CV1557 BTM(BLM), 2009 WL 4981618 at * 3 (S.D. Cal. Dec. 15, 2009) ("A qualified borrower would not be reasonable in relying on the

Agreement[3] as manifesting an intention to confer a right on him or her because the Agreement does not *require* that [banks] modify eligible loans."); *Hoffman v. Bank of Am., N.A.*, C 10-2171 SI, 2010 WL 2635773 at * 5 (N.D. Cal. June 30, 2010) ("lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower"). *See also Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231 (2010) ("there is no *right,* for example, under the statute, to a loan modification") (citing Cal. Civ. Code § 2923.5).

Nor does Plaintiff plead with specificity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).[4] Plaintiff fails to allege, for example, who made the offer to "extend reasonable opportunities" to "properly process and grant loan modifications," or specify how the loan modification request was to be "properly" processed. SAC ¶ 23. He asserts that these "false promises" were made "more than once" between 2009 and 2011, but he fails to allege who made these representations, what authority that person(s) had to speak for the Defendants, what was specifically discussed, whether there were two or more communications, when these communications occurred, or whether they were in writing, by telephone, or in person. *Id.* Plaintiff alleges that the "loan modification process" caused him "great delay" and a "false security that Defendant Bank would properly process *and*

---

[3] "Agreement" refers to the Servicer Participation Agreement for the Home Affordable Modification Program ("HAMP") under the Emergency Economic Stabilization Act of 2008. *Escobedo v. Countrywide Home Loans, Inc.*, 09CV1557 BTM(BLM), 2009 WL 4981618 at * 1 (S.D. Cal. Dec. 15, 2009). Mr. Zierolf sought a loan modification under the same program. *See* SAC ¶ 23 (Defendants "held themselves out to Plaintiff to extend reasonable opportunities" to "properly process and grant loan modifications under the Home Affordable Modification Program ("HAMP") as well as other federally subsidized loan modification programs.").

[4] "The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does." *Villegas v. Wells Fargo Bank, N.A.*, C 12-02004 LB, 2012 WL 4097747 at * 7 (N.D. Cal. Sept. 17, 2012) (citing *Errico v. Pac. Capital Bank, N.A.*, 753 F. Supp.2d 1034, 1049 (N.D. Cal. 2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard ...."); *In re Easysaver Rewards Litig.*, 737 F. Supp.2d 1159, 1176 (S.D.Cal. 2010); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp.2d 1101, 1141 (C.D.Cal. 2003)). *But see Petersen v. Allstate Indem. Co.*, 2012 U.S. Dist. LEXIS 32968, at * 8–9 (C.D.Cal. 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims; criticizing *Neilson*). This Court joins its sister courts in finding that Rule 9(b) imposes a heightened pleading standard for negligent misrepresentation claims.

*grant* Plaintiff's loan modification and prevent his home loan from going into default," SAC ¶26 (emphasis added), but he fails to plead any facts suggesting that Wells Fargo actually *promised* to modify the loan, Mr. Martinez's statement that "Wells Fargo had every *intent* to 'save his home'" not withstanding, SAC ¶ 23 (emphasis added). "[M]ere conclusory allegations of fraud are insufficient" to meet Rule 9(b)'s heightened pleading requirement. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). The Court agrees with Wells Fargo that "Plaintiff makes conclusory and meaningless allegations concerning defendant's modification programs" and Defendant's alleged commitments to process Plaintiff's requested loan modification. Def.'s Mot. to Dismiss at 5.

Finally, Mr. Zierolf fails to plead any reliance, let alone justifiable reliance, on Defendant's alleged misrepresentations. "Actual reliance occurs when a misrepresentation is an immediate cause of a plaintiff's conduct, which alters his legal relations, and when, absent such representation, he would not, in all reasonable probability, have entered into the contract or other transaction." *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 976 (1997) (citations and quotation marks omitted). *See also Spinks v. Clark*, 147 Cal. 439, 444 (1905) ("Unless an untrue statement is believed and acted upon, it can occasion no legal injury."). "[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Plaintiff's amended complaint states that, on account of "Defendant Bank's numerous and intentional delays, Plaintiff was prevented from taking different action to prevent his home loan from going into default as he detrimentally relied on Defendant Bank's representations." SAC ¶ 27. He does not specify what action he was "prevented from taking" in reliance on Defendant's representations, or how his conduct was altered based on Wells Fargo's alleged misrepresentations. Nor does he demonstrate that any damages resulted from his apparent reliance on Wells Fargo's alleged promises to process his loan modification. Under the terms of his Deed of Trust, Plaintiff had an existing obligation to make his mortgage payments or risk default and foreclosure. The risk that one's home loan could go into default and one's home be sold at a foreclosure auction for nonpayment is a remedy provided in the loan agreement itself, not a consequence of allegedly

9

relying on promises to process a loan modification. *Cf. Newgent v. Wells Fargo Bank, N.A.*, 09CV1525 WQH, 2010 WL 761236 at * 7 (S.D. Cal. Mar. 2, 2010) ("Because Plaintiff was already legally obligated to make payments on her mortgage, the Court concludes that the payment in reliance on the promise that Wells Fargo would delay the trustee's sale was not detrimental.").

Plaintiff's second cause of action fails to establish that Wells Fargo owed him a duty to process or grant a loan modification, that Defendant breached its duty, that Plaintiff relied on Defendant's representations that it would process the loan modification, or that damages resulted from Plaintiff's reliance. Nor does Plaintiff's complaint plead allegations sounding in fraud with the specificity required by Rule 9(b). Consequently, the second cause of action fails to state a claim upon which relief can be granted, and is **DISMISSED** with prejudice.

D.    Offer of Tender

Wells Fargo also argues that Plaintiff cannot seek equitable relief without first offering to tender the full amount of his outstanding debt. Def.'s Mot. to Dismiss (Docket No. 21) at 4. Mr. Zierolf's second cause of action asks for "an injunction against Defendants preventing the sale of Plaintiff's home at a foreclosure auction, pending the resolution of this lawsuit in the court of law," SAC ¶ 30, which is plainly an equitable remedy. A number of California courts have held that "[a] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale . . ." *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948). *See e.g. Karlsen v. Am. Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (Cal. Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Cal. Ct. App. 1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). This rule, "traditionally applied to trustors, is based upon the equitable maxim that a court of equity will not order a useless act performed." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989).

However, as this Court recently observed, "the tender rule is not without exceptions." *Barrionuevo v. Chase Bank, N.A.*, C-12-0572 EMC, 2012 WL 3235953 at * 3 (N.D. Cal. Aug. 6, 2012). One of those exceptions, noted by a "growing number of federal courts" is that "the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." *Barrionuevo v. Chase Bank, N.A.*, 2012 WL 3235953 at *4 (citing *Vissuet v. Indymac Mortg. Services*, No. 09–CV–2321–IEG (CAB), 2010 WL 1031013, at *2 (S.D.Cal. March 19, 2010) ("[T]he California 'tender rule' applies only where the plaintiff is trying to set aside a foreclosure sale due to some irregularity."); *Giannini v. American Home Mortg. Servicing, Inc.*, No. 11–04489 TEH, 2012 WL 298254, at *3 (N.D. Cal. Feb. 1, 2012) ("While it is sensible to require tender following a flawed sale—where irregularities in the sale are harmless unless the borrower has made full tender—to do so prior to sale, where any harm may yet be preventable, is not."); *Robinson v. Bank of Am.*, 12–CV–00494–RMW, 2012 WL 1932842 (N.D. Cal. May 29, 2012) (the court found it "inequitable to apply the tender rule to bar plaintiff's claims" in part because "there has been no sale of the subject property")). Wells Fargo's motion does not address why this exception does not preclude application of the tender rule to this case, where a trustee's sale has yet to take place. Without more, the Court declines to engage in a purely "mechanical application of the rule at the pleading stage." *Barrionuevo*, 2012 WL 3235953 at * 3.

E.     Promissory Estoppel

Plaintiff's third and final cause of action for promissory estoppel also fails to state a claim under Rule 12(b)(6). "The required elements for promissory estoppel in California are . . . (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) his reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890-91 (Cal. Ct. App. 1976) (citing *Thomson v. Internat. Alliance of Stage Employes*, 232 Cal. App. 2d 446, 454 (1965)). Mr. Zierolf alleges that "Defendant Bank made, on several occasions, clear and unambiguous promises to Plaintiff to work on modifying his loan," or that it "intended to save his home." SAC ¶ 32. However, the amended complaint provides no details as to the content of those promises. A promise must be "sufficiently definite to support promissory estoppel." *Garcia v.*

11

*World Sav., FSB*, 183 Cal. App. 4th 1031, 1045 (2010). It must be "definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Id*. Mere allegations that Wells Fargo "made, on several occasions, clear and unambiguous promises to Plaintiff to work on modifying his loan" does not meet this standard. SAC ¶ 32.

Plaintiff's promissory estoppel claim is also fatally flawed insofar as it does not provide sufficient facts to establish reliance or causation linking Defendants' alleged wrongdoing to any damages suffered. "[D]etrimental reliance is an essential feature of promissory estoppel." *Youngman v. Nevada Irr. Dist.*, 70 Cal. 2d 240, 249-50 (1969). "Under this doctrine a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement" *Id*. at 249. The action induced or forsaken must be "of a *definite and substantial character* on the part of the promisee." *Blatt v. Univ. of So. California*, 5 Cal. App. 3d 935, 944 (Cal. Ct. App. 1970) (emphasis in original). Here, other than advancing conclusory allegations that Mr. Zierolf reasonably and foreseeably relied on Wells Fargo's promises to "properly process a modification of his loan," and that in reliance he opted not to take other unspecified "measures to prevent foreclosure," Plaintiff alleges no facts demonstrating such reliance. SAC ¶ 34. The amended complaint alleges no facts which show that Plaintiff changed his position in any way because of what he was allegedly promised by Defendant. As Defendant notes, "[h]e does not identify what steps he would have taken or in what way they would have benefitted him." Def.'s Mot. to Dismiss at 10 (citing SAC ¶¶ 31-32). Thus, Plaintiff has not alleged sufficient facts to support a claim for damages premised on promissory estoppel, and as such, Defendant's motion to dismiss the third cause of action is **GRANTED**.

///
///
///
///
///

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. The claims advanced in Plaintiff's Second Amended Complaint are **DISMISSED** with prejudice. Dismissal with prejudice is warranted here because after filing three complaints, it is evident that any further amendment would be futile.

This order disposes of Docket No. 21. The Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated: December 11, 2012

_____
EDWARD M. CHEN
United States District Judge